1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KIERAN THOMAS SMYTH,

                Petitioner,

   v.

WILLIAM BARR, Attorney General of the United States of America, *et al.*,

                Respondents.

Case No. 2:20-cv-00584-GMN-DJA

**ORDER**

This habeas matter is before the Court on Petitioner Kieran Thomas Smyth's Response (ECF No. 3) to the Court's Order to Show Cause (ECF No. 2). For the reasons discussed below, Smyth's Petition for Writ of Habeas Corpus (ECF No. 1) is transferred to the United States District Court for the Western District of Texas.

Smyth is a citizen of United Kingdom who is subject to a final order of removal but has not been physically deported and he is currently detained by the Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security. (ECF No. 1.) The Petition, filed March 24, 2020, states that Smyth is currently detained at the South Texas Detention Facility in Pearsall, Texas. (*Id.* at 2, ¶ 4.) He was transferred to Texas on February 3, 2020, from a detention center in Henderson, Nevada. (*Id.*) Smyth names as Respondents several federal officials, including Ray Castro of the South Texas Detention Center who Smyth identifies as "the warden in charge of the facility where [he] is held," and "a legal custodian." (*Id.* at 4, ¶ 11.) The Petition further alleges that ICE received an *ex parte* order from the Western District of Texas to force feed Smyth in response to his hunger strike. (*Id.* at 14, ¶ 37; *see also* Ex. 4, ECF No. 1-4.)

Based on these allegations, the Court found it was "virtually certain that neither Smyth nor his custodian were in the District of Nevada on the date the Petition was filed, and thus jurisdiction is lacking." (ECF No. 2 at 3.) The Court issued an Order to Show Cause instructing Smyth to show cause why this action should not be dismissed without prejudice for a lack of jurisdiction.

Smyth's response confirms that he was not detained in the District of Nevada at the time he filed his Petition. Rather, he was detained the Western District of Texas. Because the District of Nevada is not the district of confinement, jurisdiction is lacking. *See Lopez-Marroquin v. Barr*, --- F.3d ---, 2020 WL 1808002, at *1 (9th Cir. Apr. 9, 2020) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, *jurisdiction lies in only one district: the district of confinement*.") (emphasis added)). The response asks the Court to transfer this matter to the appropriate federal district court. In the interest of justice, the Court therefore transfers this action to the Western District of Texas. *See* 28 U.S.C. § 1631; *Simpson v. Ashcroft*, 321 F. Supp. 2d 13, 15 (D.D.C. 2004) (transferring a § 2241 habeas petition to the district of confinement); *Connally v. Reno,* 896 F. Supp. 32, 35 (D.D.C.1995) (same).

**IT IS THEREFORE ORDERED:**

1. Petitioner Kieran Thomas Smyth's Petition for Writ of Habeas Corpus (ECF No. 1) is TRANSFERRED to the United States District Court for the Western District of Texas.

2. The Clerk of Court shall close this action.

DATED:  April 22, 2020

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE